# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JERRY L. THOMAS,  )  | |
| Plaintiff,  )  | |
| v.  )  | Case No. CIV-10-308-W |
| )  | |
| DAVID PARKER, *et al.*,  )  | |
| Defendants.  )  | |

## REPORT AND RECOMMENDATION

Plaintiff, Jerry L. Thomas, a state prisoner appearing *pro se* and *in forma pauperis*, has filed a Complaint seeking redress for alleged violations of his federal constitutional rights under 42 U.S.C. § 1983. The matter has been referred pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Pending before the Court is Defendants' Motion to Dismiss/Motion for Summary Judgment and Brief in Support [Doc. #22], to which Plaintiff has filed a Response [Doc. #34]. Defendants have filed a Reply to Plaintiff's Response [Doc. #35]. In addition, the Court has received the court-ordered Special Report [Doc. #21] (filed conventionally).

For the reasons set forth below, it is recommended that this action be dismissed without prejudice on the basis that Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a).

## I. Factual Background / Plaintiff's Claims

Plaintiff is an inmate in the custody of the Oklahoma Department of Corrections (ODOC) and is currently incarcerated at Lawton Correctional Facility (LCF) in Lawton, Oklahoma. Plaintiff's claims, however, arise out of his prior incarceration at James Crabtree Correctional Center (JCCC) in Helena, Oklahoma.

Plaintiff brings two claims for relief in this action.  In Count I, Plaintiff alleges that on April 20, 2007, Defendants charged him with a misconduct offense, possession of religious contraband (a prayer cap), for which he was later convicted.  Plaintiff alleges Defendants brought the misconduct charge in retaliation for Plaintiff's attempt to file a grievance against the mailroom clerk at JCCC, Shannon Reed.  Plaintiff claims Defendants' conduct violates his First and Fourteenth Amendment rights.  Plaintiff alleges he attempted to file a grievance against Defendant Reed because she refused to fill out an indigent disbursement form so that Plaintiff could mail seven grievances to Defendant Debbie L. Morton, the Designee for the Director of the ODOC.  In Count II, Plaintiff alleges Defendants conspired to deny Plaintiff his First and Fourteenth Amendment rights to freedom of religion and access to the courts.  As the basis for the conspiracy, Plaintiff relies on Defendants' alleged conduct of charging him with a misconduct offense in retaliation for attempting to file grievances.[1]

## II. Named Defendants and Relief Sought

Plaintiff names the following nine defendants, all employees of JCCC: David Parker, Warden; Jim Reed, Captain; Shannon Reed, Canteen Worker; Becky Guffy, Warden's Assistant; Rodney Redman, Deputy Warden; Jo Gwinn, Unit Manager; Brandy Page, Case Manager; Amy Madison, Notary Public; and Debbie Morton, ODOC Director's Designee. As relief, Plaintiff seeks actual, compensatory and punitive damages as well as costs and

---

[1] Although Defendants indicate some uncertainty about the scope of the claims raised by Plaintiff, *see* Defendants' Motion at 5-6, in his Response, Plaintiff makes clear the specific two claims raised in this action, as identified by the Court.  *See* Response at 3-4.

attorney's fees. He also seeks an injunction prohibiting the ODOC from "taking any part of actual, compensatory, and punitive damages in any subsequent administrative, policy, procedure or state statute on their part." *See* Complaint at 5.

### III. Defendants' Grounds for Dismissal/Summary Judgment

Defendants move for dismissal or, alternatively, summary judgment on the following grounds: (1) Plaintiff has failed to exhaust administrative remedies as required by the PLRA, 42 U.S.C. § 1997e(a); (2) Plaintiff has failed to demonstrate Defendants have violated his constitutional rights; and (3) Plaintiff's claims are barred by the applicable statute of limitations.

In raising the affirmative defense of failure to exhaust administrative remedies, *see Jones v. Bock*, 549 U.S. 199, 216 (2007) (failure to exhaust administrative remedies is an affirmative defense under the PLRA), Defendants have relied on evidentiary material attached to their Motion as well as material attached to the court-ordered Special Report. The Court has considered these materials outside the pleadings in determining whether Plaintiff exhausted his administrative remedies before filing this action. Therefore, Defendants' alternative Motion to Dismiss/Motion for Summary Judgment is treated as a motion for summary judgment on the issue of exhaustion. *See* Fed. R. Civ. P. 12(d); 56.

### IV. Standard of Review

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court must view

3

the facts and inferences drawn from the record in the light most favorable to the nonmoving party. *Burke v. Utah Transit Auth. and Local 382*, 462 F.3d 1253, 1258 (10th Cir. 2006) (quotation omitted). Although Defendants, as the moving parties, bear the initial burden of production, once they meet this burden, Plaintiff "may not rest on [his] pleadings, but must bring forward specific facts showing a genuine issue for trial." *Kannady v. City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir. 2010) (citation and internal quotations omitted).

## V. Analysis

Before analyzing Defendants' exhaustion defense, it is first necessary to address prior litigation instituted by Plaintiff and related to the claims for relief brought in the present action.

### A. Plaintiff's Prior and Related Litigation[2]

#### 1. Plaintiff's Prior Civil Rights Action, *Thomas v. Parker et al.*, Case No. CIV-07-599-W, United States District Court for the Western District of Oklahoma

On May 25, 2007, Plaintiff filed a twenty-count Complaint in this judicial district and named all of the Defendants in this action, in addition to several other defendants. *See Thomas v. Parker, et al.*, Case No. CIV-07-599-W, United States District Court for the Western District of Oklahoma, Complaint [Doc. #1]. In Count XII of the Complaint,

---

[2]The Court addresses only Plaintiff's prior litigation as related to the claims raised in the instant action. Plaintiff, however, has filed numerous additional (and sometimes repetitive) lawsuits in this judicial district. *See* Special Report at 12 (listing cases). And, the Tenth Circuit has cautioned Plaintiff about his abusive litigation practices. *See Thomas v. Parker*, 609 F.3d 1114, 1119 (10th Cir. 2010) ("Mr. Thomas has become abusive in unreasonably continuing to appeal issues that this court has already decided against him, and he is warned that he will be subject to sanctions if he continues to raise such arguments.").

4

Plaintiff brought a retaliation claim virtually identical to the claim brought in this action. The undersigned reviewed the claim in a Report and Recommendation [Doc. #58], identifying the claim as follows:

> Plaintiff alleges in Count XII of the Complaint that he received a misconduct for having in his cell a religious garment (a Kufi cap) in retaliation for filing grievances. *See* Complaint at 14. The misconduct incident occurred on April 20, 2007. *See* Special Report, Attachment 49 at 9, Incident/Staff Report. Plaintiff was found guilty of the misconduct and the conviction was affirmed on final appeal to the Director's Designee, Debbie L. Morton. *See id*. Attachment 49 at 1, Response from Director or Designee.

*See* Report and Recommendation at 34. With respect to this claim, the Court determined Defendants failed to meet their burden of proof on the affirmative defense raised, failure to exhaust administrative remedies. *See id*. at 35-36. The Court further determined, however, that dismissal of the claim was proper pursuant to *Edwards v. Balisok*, 520 U.S. 641 (1977),[3] on grounds that Plaintiff's retaliation claim was not cognizable pursuant to § 1983 because Plaintiff had not demonstrated the misconduct conviction has been reversed or expunged. *See id*. at 36-37. *See also* Order Adopting [Doc. #65]. The Tenth Circuit affirmed the dismissal of Plaintiff's retaliation claim. *See Thomas v. Parker*, No. 08-6185, 318 Fed. Appx. 626 (10th Cir. March 26, 2009) (unpublished op.).[4]

Plaintiff then filed a Motion for Relief from Order and Judgment [Doc. #76] pursuant to Fed. R. Civ. P. 60(b). The District Court denied the motion, *see* Order [Doc. #79] and Plaintiff filed an appeal to the Tenth Circuit Court of Appeals. The Tenth Circuit affirmed

---

[3] *See also Heck v. Humphrey*, 512 U.S. 477 (1994).

[4] The Tenth Circuit opinion is attached to Defendants' Motion as Attachment 5.

the district court's denial of the 60(b) motion in a published opinion filed after the commencement of the instant action. *See Thomas v. Parker*, 609 F.3d 1114 (10th Cir. 2010).

> **2.** **Plaintiff's Prior Federal Habeas Action, *Thomas v. Parker*, Case No. CIV-08-1321-W, United States District Court for the Western District of Oklahoma**

During the pendency of the § 1983 action discussed above, on December 3, 2008, Plaintiff brought a federal habeas corpus proceeding pursuant to 28 U.S.C. § 2241. Plaintiff challenged on numerous grounds the validity of the misconduct conviction arising out of the April 20, 2007 offense for possession of religious contraband. Included among the grounds was the alleged retaliatory conduct of the Defendants which forms the basis of the retaliation and conspiracy claims in this action. *See Thomas v. Parker*, Case No. CIV-08-1321-W, United States District Court for the Western District of Oklahoma, Petition [Doc. #1]. Adopting the recommendation of Magistrate Judge Doyle Argo, the Court made the following finding:

> In Ground Six of his Petition, Thomas alleged that the misconduct charge was motivated by retaliation for his pursuit of an administrative grievance against JCCC mail room clerk, Shannon Reed, based upon her alleged failure to mail Thomas' grievance appeals to the Oklahoma Department of Corrections administrative review authority. Having reviewed the record de novo, the Court concurs with Magistrate Judge Argo's finding that Thomas' allegations regarding what transpired on April 20, 2007, were specific and unrefuted. The Court concurs with Magistrate Judge Argo's finding that the decision to charge Thomas with the misconduct offense of possession of contraband for wearing his homemade kufi on that date was in retaliation for Thomas' exercise of his right to file a grievance against Reed.

*See* Order [Doc. #21] at 2.[5] The Court granted habeas relief to Plaintiff and ordered Warden Parker "to expunge Thomas' disciplinary conviction and return to Thomas any earned credits that were revoked as a result of that conviction . . . ." *See id.* at 3. The Tenth Circuit Court of Appeals affirmed the District Court's grant of habeas corpus relief. *See Thomas v. Parker*, No. 09-6096, 353 Fed. Appx. 157 (10th Cir. Nov. 23, 2009) (unpublished op.).[6]

The ODOC has complied with the Court's directive by expunging the misconduct conviction and restoring Plaintiff's earned credits. *See* Special Report, Attachment 1 at 6, Consolidated Record Card; *see also*, *id.*, Attachment 11, Affidavit of Becky Guffy, Administrative Programs Officer (Guffy Affidavit), ¶ 5 ("[A]s reflected on Thomas' CRC Card, all revoked earned credits were returned to the Plaintiff.").

In response to Defendants' exhaustion defense, Plaintiff points to his efforts at exhaustion of administrative and judicial remedies for purposes of obtaining expungement of his misconduct conviction, including his successful § 2241 federal habeas action, as proof that he has exhausted administrative remedies for purposes of this § 1983 action. *See* Response at 11-16.[7]

---

[5] Plaintiff has attached a copy of the District Court's Order to his Complaint as Exhibit A.

[6] Plaintiff has attached a copy of the Tenth Circuit's Order to his Complaint as Exhibit C.

[7] Because Plaintiff has been successful in having the misconduct conviction expunged, the *Heck/Balisok* bar to his retaliation claim as determined by this Court in his prior § 1983 action (Case No. CIV-07-599) is no longer present.

7

### B. The Exhaustion Requirement

The PLRA requires a prisoner to exhaust administrative remedies prior to commencing a § 1983 action challenging prison conditions. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). *See also Jones v. Bock*, 549 U.S. at 211 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court.") (*citing Porter v. Nussle*, 534 U.S. 516, 524 (2002)). Plaintiff's extensive litigation history reveals that he is thoroughly versed in the law governing § 1997e(a)'s exhaustion requirement as well as the ODOC's administrative grievance procedures. *See, e.g., Thomas v. Parker*, 609 F.3d at 1119 (noting the district court's finding that Plaintiff is "intimately familiar with the compliance requirements of the ODOC's grievance procedure and, in particular, the requirements accompanying placement on grievance restriction").

#### 1. The ODOC Grievance Procedure

Attached to the Special Report is the ODOC's Grievance Process. *See* Special Report, Attachment 6, Inmate/Offender Grievance Process (Grievance Process). The Grievance Process requires that an inmate make an initial attempt to resolve the complaint by talking with a case manager, probation or parole officer, supervising employee or other staff within three days of the incident. Grievance Process, OP-090124 (IV)(A). The inmate must then submit a Request to Staff to the appropriate unit staff stating the problem to be addressed,

and the Request to Staff must be submitted within seven days of the incident. *See id.*, OP-090124(IV)(B). The next step in the grievance procedure requires an inmate to submit to the reviewing authority a formal grievance using the "Inmate/Offender Grievance Report Form" along with the Request to Staff form and the response. *See id.*, OP-090124(V)(A). If the inmate does not follow the instructions for submitting a grievance, the grievance may be returned unanswered for proper completion and, if allowed, the inmate must properly resubmit the grievance within ten calendar days of receipt. *See id.*, OP-090124(V)(A)(7). The final step in the grievance procedure requires the inmate to appeal the reviewing authority's response to the grievance to the administrative review authority. *See id.*, OP-090124(VII)(B) and (D).

Due to Plaintiff's placement on grievance restriction, *see* Special Report, Attachment 22, additional requirements govern the grievances submitted by Plaintiff after March 28, 2007. Under ODOC policy, all grievances submitted during a restriction period must be accompanied by a showing of cause as to why the inmate should be permitted to grieve. *See* Grievance Process, OP-090124 (IX)(B). The grievance must also be accompanied by a duly verified affidavit:

> The inmate/offender will submit a duly verified affidavit, made under penalty of discipline for lying to staff, attached to the grievance stating that all contents of the grievance are true and correct to the best of the inmate's /offender's knowledge and belief. The affidavit will also contain a list by grievance number, date, description, and disposition at each level, of all grievances previously submitted by the inmate/offender within the last 12 months.

9

*Id.*, OP-090124(IX)(B)(2)(a). The grievance procedure further provides that if a grievance is returned on grounds that compliance with the requirements has not been met, "[t]he grievance may proceed when the inmate/offender meets the guidelines outlined in this section." *Id.*, OP090124(IX)(B)(2)(c)-(d).[8]

### 2. Plaintiff's Efforts at Exhaustion of Administrative Remedies

In raising the affirmative defense of failure to exhaust administrative remedies, Defendants identify numerous issues Plaintiff has raised informally and/or formally pursuant to ODOC's Grievance Process and reference applicable provisions of the Special Report which contain copies of Plaintiff's grievance submissions.

Many of the grievances submitted by Plaintiff and attached to the Special Report are unrelated to the claims at issue in this lawsuit and, therefore, are not addressed by the Court. Other grievances are related (indirectly) to the alleged act of retaliation on April 20, 2007, which serves as the basis of Plaintiff's claims of retaliation and conspiracy in this action. But, the record demonstrates Plaintiff did not properly follow the grievance procedure as to these grievances. *See* Special Report, Attachment 8 (Grievance No. 07-81); Attachment 9 (Grievance No. 07-82); Attachment 24 (Grievance No. 07-56); Attachment 26 (Grievance No. 07-60); Attachment 28 (Grievance No. 07-64); and Attachment 33 (Grievance No. 07-

---

[8]Despite his placement on grievance restriction, Plaintiff continued to abuse the Grievance Process and on May 10, 2007, his grievance restriction was extended through May 10, 2008. *See* Special Report, Attachment 34 at 262. Between April 12, 2007, and June 1, 2007, Plaintiff filed 17 grievances. *See id.* at 263. The conduct which forms the basis of Plaintiff's claims occurred during this time period, on April 20, 2007.

72). *See also* Special Report, Attachment 11, Guffy Affidavit, ¶ 4 (listing deficient grievances submitted by Plaintiff and stating that Plaintiff, though "given the opportunity to correct deficiencies and resubmit the grievances," never resubmitted them).

Only one grievance directly references the alleged conduct by Defendants on April 20, 2007.[9] On April 25, 2007, Plaintiff submitted grievance number 07-871 and labeled the grievance as a "sensitive grievance." *See* Special Report, Attachment 48 at 362-364. In that grievance, Plaintiff identifies the nature of his complaint as follows:

> Warden Parker had me locked up in a holding cell 4-2-07 to have a meeting with him. When he approached the cell, I overheard him whisper to Captain Jim Reed that they need to find me hanging from a cell with a thin string around my neck. Parker entered cell and sat on concrete and Reed stood in the door. Parker tried to intimidate me and prevent me from continuing to seek relief for grievances. When he realized that I would not drop my effort, he said he would take my level 2 because I don't have a job. He ordered Captain Reed to take my Kufi cap because it was homemade. He also said that I had turned his whole staff against me because of my exercising my protected constitutional rights. Parker, Redman, Reed, and other JCCC staff are in the process of demonizing me and doing everything in their power to prevent me from going public with these matters. Reed has a personal vindette [sic] against me because I filed a grievance against his wife, Shannon Reed, that very morning because she refused to allow me to mail my grievance appeals to OKC as an indigent person. . . . .

---

[9]As Defendants note, the majority of the grievances submitted by Plaintiff have been reviewed by the courts in prior litigation brought by Plaintiff and found to be unexhausted on grounds Plaintiff did not properly follow ODOC's grievance procedures. But, as Defendants further note, Grievance No. 07-871 was not previously "fully dealt with" by this Court. *See* Motion at 12.

11

*See id.* at 362-363. Significantly, while Plaintiff references the fact that Defendants took his religious Kufi cap from him, the grievance is silent with respect to any allegations regarding a false misconduct charge. *See id.*[10]

On May 4, 2007, Defendant Morton returned unanswered grievance number 07-871. Defendant Morton advised Plaintiff the grievance was being returned unanswered for the following reason:

> Despite repeated instructions from this office, you continue to improperly file your issues. Until your issues are filed correctly, they will be returned to you without a response.

*See* Special Report, Attachment 48 at 365. In addition, Defendant Morton gave the following specific instructions to Plaintiff about resubmitting the grievance:

> You will be allowed one opportunity to correct and resubmit this grievance. It must be received in the designee for the director's office within ten calendar days of your receipt of this notice.

*See id.* The record is void of any evidence demonstrating that Plaintiff resubmitted this grievance.

Although the Special Report includes later grievances challenging alleged conduct by the Defendants after April 20, 2007, those grievances do not involve the specific conduct which forms the basis of Plaintiff's claims in this lawsuit. *See* Special Report, Attachment 36 (Grievance No. 07-88); Attachment 39 (Grievance No. 07-91); Attachment 40 (Grievance

---

[10]Plaintiff received notice of the misconduct charge on April 25, 2007, at 11:35 a.m. He submitted Grievance No. 07-871 on that same date. *See* Special Report, Attachment 2 at 8, Department of Corrections Offense Report.

No. 07-92); Attachment 41 (Grievance No. 07-94); Attachment 44 (Grievance No. 07-110); Attachment 45 (Grievance No. 07-139); Attachment 46 (Grievance No. 07-140); and Attachment 47 (Grievance No. 07-154).[11] Moreover, as with Plaintiff's other grievances, the undisputed factual record demonstrates Plaintiff did not properly follow ODOC's Grievance Process in submitting these grievances. *See id.*; *see also* Special Report, Attachment 11, Guffy Affidavit, ¶ 4.

Thus, the record before the Court demonstrates Plaintiff has not satisfied the exhaustion requirement for his claims of retaliation and conspiracy arising out of the Defendants' alleged conduct on April 20, 2007, charging him with a misconduct offense. Specifically, Plaintiff has not controverted the evidence submitted by Defendants demonstrating Plaintiff did not properly follow the ODOC's grievance procedures in submitting any of the grievances identified. *See* Fed. R. Civ. P. 56(e); *Fields v. Oklahoma State Penitentiary*, 511 F.3d 1109, 1112 (10th Cir. 2007) ("To exhaust administrative remedies an inmate must properly comply with grievance procedures; substantial compliance is insufficient.") (*citing Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002)).

---

[11]Two of these grievances, Grievance No. 07-88 and Grievance No. 07-94, *see* Special Report, Attachments 36 and 41, respectively, relate indirectly to the misconduct in that they request reinstatement of privileges that were taken from Plaintiff by his unit staff as a result of the misconduct conviction. These grievances, as with many of Plaintiff's grievances, generally allege retaliation and conspiracy, but absent from these grievances is a specific allegation of retaliatory misconduct proceedings.

Instead, in responding to Defendants' Motion, Plaintiff relies exclusively on his successful pursuit of § 2241 federal habeas relief to demonstrate he has satisfied § 1997e(a)'s exhaustion requirement:

> The Plaintiff satisfies the exhaustion by appealing the disciplinary results to the JCCC facility head, the DOC administrative review authority, the state district court, and the state court of criminal appeals. It is not necessary for him to file a grievance separately from appealing the disciplinary misconduct result.

*See* Plaintiff's Response at 14. *See also id.*, Exhibit 5, Affidavit of Plaintiff, ¶ 5 (" . . . I have not filed a grievance after I was granted a writ of habeas corpus because exhaustion of administrative and judicial remedies of the misconduct possession of contraband satisfies all exhaustion requirements of retaliation.").

Plaintiff is misinformed. It is well-settled that habeas corpus relief is distinct from relief available pursuant to 42 U.S.C. § 1983. Consequently, different exhaustion requirements apply and those exhaustion requirements serve distinct purposes. In the habeas context, exhaustion promotes comity and federalism. *See, e.g., O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) ("Comity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief"); *Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir.2000) (discussing comity and deference concerns in the context of § 2241). The PLRA's exhaustion requirement, governing § 1983 actions challenging prison conditions, is intended to curtail frivolous prison litigation and to provide a reviewing court with a meaningful record upon which to resolve the prisoner's claim. *See Porter v.*

*Nussle*, 534 U.S. at 524-525 ("Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.").

Moreover, under ODOC policy appeals of misconduct convictions are separate and distinct from procedures governing the grievance process. *See* Grievance Process, OP-090124(II)(B)(1). Therefore, even though Plaintiff did reference the alleged retaliatory conduct in his misconduct appeal, *see* Special Report, Attachment 2 at 22, he was still required to pursue the retaliation claim through the administrative grievance process. Plaintiff cannot rely on the appeal of the misconduct conviction as satisfaction of § 1997e(a)'s exhaustion requirement. *See Carr v. Brill*, No. 06-1009, 187 Fed. Appx. 902, 905 (10th Cir. July 10, 2006) (unpublished op.).

In *Carr*, the Tenth Circuit addressed a similar issue involving the grievance procedure of the Colorado Department of Corrections. The Tenth Circuit determined that the prisoner's appeal of his misconduct conviction did not satisfy the exhaustion requirement as to the prisoner's claim that the misconduct was brought against him as a form of retaliation. *Id*. Instead, the Court determined the prisoner was required to file a grievance on the retaliation claim because the grievance was "an available administrative remedy." *Id*. As the Tenth Circuit explained:

> The grievance system is an important part of the administrative process that cannot be overlooked by prisoners. The grievance process entails a documented conversation between the prisoner and prison officials, requiring

15

> each to explain their point of view, and fulfills the purpose of the exhaustion requirement-to give prison officials a chance to handle a prisoner's complaints internally and to create an administrative record to help courts resolve the complaints that end in a lawsuit. *See Porter v. Nussle*, 534 U.S. 516, 525, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). In contrast, when a prisoner appeals a misconduct conviction, the prison officials need only provide a cursory explanation of why the prisoner's appeal fails: this fails to fulfill the purposes of requiring exhaustion of administrative remedies when the grievance process is also available.

*Id*. at 905. *See also, Martin v. Butler*, No. 01-7001, 10 Fed. Appx. 773 (10th Cir. May 31, 2001) (unpublished op.) (appeal of misconduct conviction did not satisfy exhaustion requirement as to conspiracy claim which would have needed to be brought separately as part of prison grievance process).

Consistent with the Tenth Circuit's findings in *Carr*, here the record demonstrates the misconduct appeal involved a cursory explanation of the reasons for affirming the misconduct conviction. *See* Special Report, Attachment 2. On final appeal to the Designee for Director, the allegations of retaliation were summarily addressed as follows:

- **Misconduct issued by Jim Reed in retaliation for you filing a grievance against his wife**. You offer no substantiating evidence to support your claim.

*See* Special Report, Attachment 2 (emphasis in original). Thus, as in *Carr*, the inclusion of the allegations of retaliation in Plaintiff's misconduct appeal are insufficient to demonstrate compliance with § 1997e(a)'s exhaustion requirement. Instead, Plaintiff was required to submit the claims of retaliation and conspiracy through the prison grievance process. Indeed, Plaintiff was aware of the need to submit a grievance on the issue of retaliation separate from

16

the misconduct conviction. As set forth above, he attempted to file a grievance on this issue, but he did not properly follow the procedures governing the submission of his grievances.

In sum, the record demonstrates Plaintiff has failed to exhaust administrative remedies as required by § 1997e(a) as to the claims of retaliation and conspiracy brought in the instant action. The PLRA requires exhaustion of administrative remedies as a prerequisite to bringing a § 1983 claim challenging the conditions of confinement. The fact that Plaintiff completed the administrative appeal of his misconduct conviction, exhausted state judicial remedies and ultimately obtained federal habeas relief to expunge the misconduct conviction does not constitute exhaustion of the separate claims raised in this § 1983 action.[12]

---

[12]Moreover, Plaintiff's reliance on his successful pursuit of federal habeas relief as to exhaustion of his claim of retaliation may be based on a fallacy. A prison disciplinary conviction need only be supported by some evidence to comply with federal due process. *Superintendent, Mass. Correctional Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985). Plaintiff has never disputed that he possessed the prayer cap or that his possession of this cap violated ODOC's policies. (He merely states he possessed the cap for a long time without being charged for a violation of policy.) However, in the § 2241 habeas proceeding, the magistrate judge did not address whether some evidence supported the misconduct conviction, instead proceeding to the issue of retaliation. *See Thomas v. Parker*, Case No. CIV-08-1321-W, 2009 WL 995547 (W.D. Okla. April 13, 2009) at * 6. ("In Grounds Three and Four, Petitioner claims that he was deprived of due process in his prison disciplinary proceeding because the conviction was not supported by evidence, and he was not allowed to call as a witness the prison employee who signed a property inventory form listing Petitioner's prayer cap as "approved." Petition, Att. 1, 5. For the reasons discussed below, the undersigned recommends that relief be granted on Ground Six [retaliation], making it unnecessary to address Petitioner's due process claims.").

Notably in a later § 2241 habeas action filed by Plaintiff challenging a different prison disciplinary conviction on grounds of alleged retaliation, the same magistrate judge found such a claim not cognizable in a § 2241 habeas action. *See Thomas v. Miller*, Case No. CIV-10-110-W, 2010 WL 2975423 at * 4 ("Petitioner attempts to raise a stand alone claim that the disciplinary hearing action was brought in retaliation for his pursuit of various lawsuits and grievances. However, the undersigned finds that such a claim is not cognizable in this 28 U.S.C. § 2241 action challenging a prison disciplinary proceeding."). The magistrate judge acknowledged the holding as inconsistent with the grant of habeas relief on grounds of retaliation in the prior action, *Thomas*
(continued...)

It is recommended the Defendants' Motion, construed as a Motion for Summary Judgment, be granted on grounds of failure to exhaust administrative remedies as required by 42 U.S.C. § 1997(e)(a). It is further recommended that the Complaint be dismissed without prejudice.[13] Because the record demonstrates Plaintiff has failed to exhaust administrative remedies, Defendants alternative grounds for dismissal/summary judgment have not been addressed.

## **RECOMMENDATION**

It is recommended that Defendants' Motion to Dismiss/Motion for Summary Judgment [Doc. #22], construed as a motion for summary judgment, be granted based on

---

[12](...continued)
*v. Parker*, Case No. CIV-08-1321-W, 2009 WL 995547 (W.D. Okla. April 13, 2009). *See id.* at *4 n. 4 (explaining that "Respondent never raised the issue of whether a retaliation claim could be brought in a habeas action" and never disputed Plaintiff's alleged facts; thus the court "never analyzed whether the [retaliation] claim was properly brought in a habeas action."). The district court adopted the magistrate judge's recommendation. *See Thomas v. Miller.*, No. 10-6193, 2010 WL 2975421 (W.D. Okla. July 27, 2010). On appeal to the Tenth Circuit, the Court denied Petitioner's certificate of appealability. *See id.*, 2011 WL 286971 (10th Cir. Jan. 31, 2011).

[13]Defendants have not stated whether they seek dismissal with or without prejudice. "Ordinarily, a dismissal based on a failure to exhaust administrative remedies should be without prejudice." *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009). But, when a prisoner's claim has been rejected by prison authorities on procedural grounds, that claim "should be dismissed from the plaintiff's complaint with prejudice." *See Kikumura v. Osagie*, 461 F.3d 1269, 1290 (10th Cir. 2006), *overruling on other grounds recognized in Robbins v. Oklahoma*, 519 F.3d 1242 (10th Cir. 2008). The Affidavit of Becky Guffy suggests Plaintiff should have submitted a grievance on his claim of retaliation *after* successfully obtaining § 2241 federal habeas relief. *See* Special Report, Attachment 11, Guffy Affidavit, ¶ 5 ("To the best of my knowledge, the Plaintiff has never submitted a grievance following the overturning of the misconduct issued 4-20-07."). Whether the ODOC would now accept a grievance or find the grievance procedurally barred is not an issue that can be determined by the Court on the record presented. For this reason, dismissal without prejudice is recommended.

Plaintiff's failure to exhaust his administrative remedies. It is further recommended that the Complaint be dismissed without prejudice.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file objections to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of this Court by March __4th__, 2011. *See* Local Civil Rule 72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all issues referred in this matter and terminates the referral.

ENTERED this __11th__ day of February, 2011.

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE